**FILED**

APR 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. FUHRIMAN,
14923 Ritchie Road,
Centreville, Virginia 20120,

      Petitioner,

      v.

PETE GEREN,
ACTING SECRETARY OF THE ARMY,
in his official capacity,
101 Army Pentagon,
Washington, DC 20310

      Respondent.

Case: 1:07-cv-00672
Assigned To : Leon, Richard J.
Assign. Date : 4/13/2007
Description: FUHRIMAN v. GEREN

## PETITION FOR A WRIT OF HABEAS CORPUS
## BY A PERSON IN MILITARY CUSTODY

David L. Fuhriman, through counsel, petitions this Court for a Writ of Habeas Corpus

challenging military custody. The United States Army (US Army, or Army) has no grounds for

rescinding Mr. Fuhriman's separation orders and retaining Mr. Fuhriman in the military based on

an investigation that is unsupported by fact or by law. In support of his Petition, Mr. Fuhriman

states:

1.    The Petitioner, David L. Fuhriman, is a Chief Warrant Officer2 (CW2) in the Army,

    currently stationed within the Military District of Washington.

2.    Respondent Pete Geren is the Acting Secretary of the Army. He is sued in his official

    capacity.

### I. JURISDICTIONAL ALLEGATIONS.

3.    This Court has jurisdiction to issue a writ of habeas corpus, to grant relief as law and

justice require, under 29 U.S.C. §§ 2241(a) & (c), and 2243 (2006), because the Army

rescinded Mr. Fuhriman's separation orders and has retained Mr. Fuhriman in the Army

past his separation date based only on an investigation unsupported by fact or law.

## II. FACTUAL ALLEGATIONS.

4.    In a 10 January 2007 Order, the Army reassigned Mr. Fuhriman to the US Army

Transition Center at Fort Myer, Virginia, for processing for release from active duty.

5.    Subsequently, a 31 January 2007 Defense Intelligence Agency (DIA) Memorandum by

Major Michael N. Davis, Commander of DIA's US Army Element and Chief of DIA's

Army Personnel Branch, informed Mr. Fuhriman that the latter was under an ongoing CI,

or counterintelligence, investigation by an Army agency he described as the "US Army

Foreign CI Activity." The memorandum did not inform Mr. Fuhriman about the

substance of the investigation.

6.    This 31 Jan 07 DIA Memorandum further informed Mr. Fuhriman that the US Army had

halted his terminal leave and out-processing, pending the outcome of the investigation.

7.    The DIA Memorandum also informed Mr. Fuhriman that he was to be attached to "HQs

Company, Fort Myer," (Headquarters Company) for duty until the completion of the

investigation.

8.    A 21 March 2007 Memorandum from Major General Guy Swan requested that Mr.

Fuhriman's separation orders be rescinded pending the counterintelligence investigation.

9.    A 23 March 2007 Order then rescinded Mr. Fuhriman's earlier separation order.

10.    No credible basis exists for the investigation, nor for the requirement that Mr. Fuhriman

remain on active duty because of this inquiry.

11.    Case law supports granting the writ of habeas corpus. *See* <u>Toth v. Quarles</u>, 350 U.S. 11 (1955); and <u>Smith v. Vanderbush</u>, 47 M.J. 56 (C.A.A.F. 1997).

### III. CLAIMS FOR RELIEF.

12.    Because the Respondent's rescinding Mr. Fuhriman's separation orders lacks any support by any reason, and lacks any basis in fact, Mr. Fuhriman is entitled to an order from this Court directing the Respondent to release him from the US Army.

13.    Mr. Fuhriman is also entitled to an award of reasonable attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006), and other applicable law because: (a) the decision of the Respondent rescinding Mr. Fuhriman's separation orders and retaining Mr. Fuhriman in the US Army is not substantially justified in light of the lack of any basis for the investigation concerning Mr. Fuhriman, and (b) Mr. Fuhriman's net worth does not exceed $2 million dollars.

**WHEREFORE**, Petitioner prays that this Court:

A. Issue an Order directing the Respondent to show cause why this Court should not issue a Writ of Habeas Corpus;

B. Grant Mr. Fuhriman reasonable attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412 (2006), or other applicable law; and

C. Grant such other relief as law and justice so require.

Respectfully submitted,

April 13, 2007

James R. Klimaski, #243543
Lynn I. Miller, #941559

3

Klimaski & Associates, P.C.
1819 L Street NW
Suite 700
Washington, DC  20036
202-296-5600
klimaski@klimaskilaw.com
miller@klimaskilaw.com

***Counsel to Petitioner David L. Fuhriman***

**Certificate of Service of Habeas Petition Notice Pleading**

I certify that a copy of the foregoing *Petition for a Writ of Habeas Corpus by Person in Military Custody (David L. Fuhriman)* will be served by hand-delivery on April 13, 2007, to the following Federal agency officials, through a representative authorized to accept service on their behalf, once the foregoing has been accepted for filing by the Clerk of the Court:

Jeffrey A. Taylor
U.S. Attorney for the District of Columbia
555 4th Street NW
5th Floor
Washington, DC  20001

Pete Geren
Acting Secretary of the Army
101 Army Pentagon
Washington, DC  20310

Alberto Gonzales
Attorney-General for the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC  20530

Jon Pinkus
Case Manager
Klimaski & Associates, P.C.

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David L. Fuhriman, Petitioner | Pete Geren, Acting Secretary, U.S. Department of the Army, Respondent |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)    #1001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James R. Klimaski
1819 L Street NW -- Suite 700
Washington, DC 20035
202-296-5600

Case: 1:07-cv-00672
Assigned To : Leon, Richard J.
Assign. Date : 4/13/2007
Description: FUHRIMAN v. GEREN

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act