**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

David L. Fuhriman,

      Plaintiff-Petitioner,

      v.

Pete Geren,
Acting Secretary of the Army,
in his official capacity,

      Defendant-Respondent.

Civil Case No. 07cv0672 (RJL)
Judge Richard J. Leon

## CERTIFICATE  REGARDING  MANDATED SERVICE  OF  CASE MANAGEMENT  ORDER

At approximately 5:30 PM on May 1, 2007, Judge Richard Leon J. issued the attached *Case Management Order* in the above captioned case via electronic posting of it on the Court's website for case management, and directed counsel for Mr. Fuhriman to immediately serve the Order on all parties.

As ordered, I certify that today such service of the Order, along with this Certificate and the originating *Petition for a Writ of Habeas Corpus by a Person in Military Custody*, was effected via Fax Transmission to the following Agency official and Department of Justice representatives required to receive such service prior to someone entering her or his appearance on behalf of the Department of the Army:

    Acting Secretary of the Army Pete Geren
    c/o Col. Richard Hatch
    Army Litigation Services
    Office of the General Counsel
    Telephone:  703-696-1613
    Fax:  703-696-8126

U.S. Attorney Jeffrey A. Taylor
c/o Rudy Contreras
Office of the U.S. Attorney for the District of Columbia
Telephone:  202-514-7151
Fax:  202-514-8780

U.S. Attorney-General Alberto Gonzales
c/o Stu Frisch
Office of the General Counsel
Justice Management Division
U.S. Department of Justice
Telephone:  202-514-4082
Fax:  202-514-4317

Attached are the above referenced *Case Management Order* as well as a courtesy copy of

the *Petition for Writ of Habeas Corpus by a Person in Military Custody* seeking a Show

Cause Order filed with the Court on April 13, 2007.

Respectfully submitted,

May 2, 2007                      _/s/  James R. Klimaski_
                                 James R. Klimaski, #243543
                                 Klimaski@Klimaskilaw.com
                                 Lynn I. Miller, #941559
                                 Klimaski & Associates, P.C.
                                 1819 L Street NW
                                 Suite 700
                                 Washington, DC  20036-3830
                                 Telephone:  202-296-5600
                                 Fax:  202-296-5601

                                 ***Counsel to David L. Fuhriman***

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID L. FUHRIMAN,<br>14923 Ritchie Road<br>Centreville, Virginia 20120,<br><br>   Plaintiff,<br><br>   v.<br><br>PETE GEREN,<br>ACTING SECRETARY OF THE ARMY,<br>in his official capacity,<br>101 Army Pentagon,<br>Washington, DC 20310<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 07cv672  (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CASE MANAGEMENT ORDER

May 1, 2007

This case has been assigned to the calendar of Judge Richard Leon.  The plaintiff shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this order on all other parties.

Upon the Court's motion, it is hereby

**ORDERED** that within 30 days of all defendants answering the complaint or filing other motions under Rule 12(b) of the Federal Rules of Civil Procedure, or within 30 days of the issuance of this order if an answer or Rule 12(b) motion has already been filed, the parties shall

confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3.[1]  No later than fourteen days following that meeting, counsel shall submit: (1) their Joint Meet and Confer Statement addressing all topics listed in Local Civil Rule 16.3(c); and (2) a proposed scheduling order(s) in accordance with Rule 16.3(d).  Counsel are also directed to include in their Joint Meet and Confer Statement a one-page statement of the facts of the case and the statutory basis for all causes of action and defenses.  Once the Joint Meet and Confer Statement has been filed, the Court will schedule an initial status conference; and it is further

**ORDERED** that all counsel must familiarize themselves with the Federal Rules of Civil Procedure, particularly Federal Rules of Civil Procedure 16 and 26, and the Local Rules of the District of Columbia, "to secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1;[2] and it is further

**ORDERED** that parties comply with the following chambers practices and policies:

1.   **Courtroom Proceedings**: All courtroom proceedings, unless otherwise indicated, will be conducted in Courtroom 18 on the sixth floor of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.  Non-courtroom conferences and meetings will be held in Judge Leon's chambers unless otherwise specified.

---

[1] The May 17, 2001 amendment to Local Civil Rule 16.3 sets forth additional categories of proceedings that are exempted from this Rule's meet and confer requirements.  If counsel's proceeding is exempt from the local rule's requirements, counsel for both parties shall jointly prepare and submit a statement to the Court indicating whether they believe the matter will be resolved solely through the filing of dispositive motions and proposing a scheduling timeline for the filing of such motions to the Court.  Counsel shall also indicate whether or not they believe an appearance before the Court will be necessary prior to resolution of the dispositive motions.

[2] The Local Civil Rules are available at "http:\\www.dcd.uscourts.gov".

2.  **Communications with Chambers:** Counsel shall not contact the Court or its chambers regarding non-emergency matters by telephone, facsimile, letter, or by any other means. Chambers may not provide legal advice or comment on the status of any pending motions. Counsel may contact the Courtroom Deputy Clerk regarding emergency scheduling matters.

3.  **Proposed Orders**: All motions, whether filed through the Electronic Filing System (ECF) or otherwise, must be accompanied by a proposed order setting forth the relief or action sought. Under no circumstances shall the signature line appear alone on a page of the proposed order.

4.  **Rescheduling Court Proceedings:** Requests for continuances of court proceedings are strongly discouraged because of the inconvenience they cause to the Court. If counsel seeks to change a previously scheduled hearing date, counsel is directed to submit a written motion at least four days prior to the proceeding. In the event of an emergency, the four-day rule will be waived but counsel must still file a written motion in support of their request. The written motion must:
    a.  demonstrate good cause for the continuance;
    b.  state the opposing party's position on the continuance; and
    c.  propose at least three alternative dates and times that would be convenient for all parties in the case. If counsel's suggested dates and times are not available on the Court's calendar, an alternative of the Court's choosing will be selected.

5.  **Court Appearances by Counsel:** An attorney with authority to make scheduling decisions must appear on behalf of the parties at all court appearances. In addition, counsel must have their calendars and the calendars of any necessary co-counsel available with them for possible scheduling of future events related to the case. In the event that counsel is not a member of the Bar of this Court and is located outside the District, local

counsel[3] must be available to appear with the necessary authority to make scheduling decisions on behalf of all parties and counsel in the case.

6.    **Motions for Extensions of Time to File Pleadings:**  Motions for extension of time to file pleadings are strongly discouraged unless both parties consent.  Counsel seeking an extension of time must file a written motion and a proposed order.  Such a motion must include:

   a.    the number of previous extensions requested and granted to each party;

   b.    the specific ground(s) for the motion; a statement of the effect that the Court's granting of the motion will have on all other previously scheduled deadlines;

   c.    in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition[4] and reply; and

   d.    pursuant to Local Civil Rule 7(m), the moving party shall include a statement of opposing counsel's position on the motion.

Failure to comply with the Local Civil Rules or this Order may result in rejection of the request.  The Court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the Court denies the continuance.[5]

7.    **Pleadings:** Every pleading signed by an attorney shall, in conformity with Local Civil Rule 5.1(e), contain the name, address, <u>telephone number</u>, fax number, and bar identification number of the attorney and, where applicable, local counsel.

---

[3] LCvR 83.2(c) requires that an attorney who is not a member of the Bar of this Court must obtain local counsel that is a member in good standing of this Court.

[4] The deadline for the opposition should be suggested only after consulting with opposing counsel.

[5] *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145 (D.C. Cir. 1996).

8.    **Settlement and Alternative Dispute Resolution:**  In order to reduce litigation expenses and delay, to eliminate the anxiety of trial and the risk of an unsatisfactory outcome, it is desirable that settlement occur as early as possible in the litigation process.  The Court is available to assist the parties in pursuing settlement early in the process.  However, the Court will not delay trial so that the parties may participate in settlement discussions on the eve of trial.

It shall be the norm for all cases to be referred for some form of alternative dispute resolution (ADR).  Pursuant to Rule 16.3, the parties' Joint Meet and Confer Statement should address the potential benefit of ADR to their case, what steps should be taken to facilitate ADR, and the point during litigation at which ADR would be most appropriate. In considering what form of alternative dispute resolution the parties think the case is most suited, counsel are reminded that their options include mediation (either with a private firm or a Magistrate Judge), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case.  If the parties believe that the case is not a candidate for alternative dispute resolution, they should provide the Court with an explanation of their position.

9.    **Stipulations of Dismissal:** Parties must submit a signed copy that includes a signature line for the Court.  Under no circumstances shall the signature line appear alone on a page of the proposed order.

**SO ORDERED.**

**RICHARD J. LEON**
**United States District Judge**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



DAVID L. FUHRIMAN,
14923 Ritchie Road,
Centreville, Virginia 20120,

      Petitioner,

      v.

PETE GEREN,
ACTING SECRETARY OF THE ARMY,
in his official capacity,
101 Army Pentagon,
Washington, DC 20310

      Respondent.

Case: 1:07-cv-00672
Assigned To : Leon, Richard J.
Assign. Date : 4/13/2007
Description: FUHRIMAN v. GEREN

Petition for Writ of Habeas Corpus

## PETITION FOR A WRIT OF HABEAS CORPUS
## BY A PERSON IN MILITARY CUSTODY

David L. Fuhriman, through counsel, petitions this Court for a Writ of Habeas Corpus

challenging military custody. The United States Army (US Army, or Army) has no grounds for

rescinding Mr. Fuhriman's separation orders and retaining Mr. Fuhriman in the military based on

an investigation that is unsupported by fact or by law. In support of his Petition, Mr. Fuhriman

states:

1.      The Petitioner, David L. Fuhriman, is a Chief Warrant Officer2 (CW2) in the Army,

      currently stationed within the Military District of Washington.

2.      Respondent Pete Geren is the Acting Secretary of the Army. He is sued in his official

      capacity.

### I. JURISDICTIONAL ALLEGATIONS.

3.      This Court has jurisdiction to issue a writ of habeas corpus, to grant relief as law and

justice require, under 29 U.S.C. §§ 2241(a) & (c), and 2243 (2006), because the Army

rescinded Mr. Fuhriman's separation orders and has retained Mr. Fuhriman in the Army

past his separation date based only on an investigation unsupported by fact or law.

## II. FACTUAL ALLEGATIONS.

4.   In a 10 January 2007 Order, the Army reassigned Mr. Fuhriman to the US Army

Transition Center at Fort Myer, Virginia, for processing for release from active duty.

5.   Subsequently, a 31 January 2007 Defense Intelligence Agency (DIA) Memorandum by

Major Michael N. Davis, Commander of DIA's US Army Element and Chief of DIA's

Army Personnel Branch, informed Mr. Fuhriman that the latter was under an ongoing CI,

or counterintelligence, investigation by an Army agency he described as the "US Army

Foreign CI Activity." The memorandum did not inform Mr. Fuhriman about the

substance of the investigation.

6.   This 31 Jan 07 DIA Memorandum further informed Mr. Fuhriman that the US Army had

halted his terminal leave and out-processing, pending the outcome of the investigation.

7.   The DIA Memorandum also informed Mr. Fuhriman that he was to be attached to "HQs

Company, Fort Myer," (Headquarters Company) for duty until the completion of the

investigation.

8.   A 21 March 2007 Memorandum from Major General Guy Swan requested that Mr.

Fuhriman's separation orders be rescinded pending the counterintelligence investigation.

9.   A 23 March 2007 Order then rescinded Mr. Fuhriman's earlier separation order.

10.  No credible basis exists for the investigation, nor for the requirement that Mr. Fuhriman

remain on active duty because of this inquiry.

11.    Case law supports granting the writ of habeas corpus. *See* <u>Toth v. Quarles</u>, 350 U.S. 11

(1955); and <u>Smith v. Vanderbush</u>, 47 M.J. 56 (C.A.A.F. 1997).

### III. CLAIMS FOR RELIEF.

12.    Because the Respondent's rescinding Mr. Fuhriman's separation orders lacks any support

by any reason, and lacks any basis in fact, Mr. Fuhriman is entitled to an order from this

Court directing the Respondent to release him from the US Army.

13.    Mr. Fuhriman is also entitled to an award of reasonable attorney's fees and costs under

the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006), and other applicable

law because: (a) the decision of the Respondent rescinding Mr. Fuhriman's separation

orders and retaining Mr. Fuhriman in the US Army is not substantially justified in light of

the lack of any basis for the investigation concerning Mr. Fuhriman, and (b) Mr.

Fuhriman's net worth does not exceed $2 million dollars.

**WHEREFORE**, Petitioner prays that this Court:

A. Issue an Order directing the Respondent to show cause why this Court should not

issue a Writ of Habeas Corpus;

B. Grant Mr. Fuhriman reasonable attorney's fees and costs pursuant to the EAJA, 28

U.S.C. § 2412 (2006), or other applicable law; and

C. Grant such other relief as law and justice so require.

Respectfully submitted,

April 13, 2007

James R. Klimaski, #243543
Lynn I. Miller, #941559

3

Klimaski & Associates, P.C.
1819 L Street NW
Suite 700
Washington, DC  20036
202-296-5600
klimaski@klimaskilaw.com
miller@klimaskilaw.com

*Counsel to Petitioner David L. Fuhriman*

### Certificate of Service of Habeas Petition Notice Pleading

I certify that a copy of the foregoing *Petition for a Writ of Habeas Corpus by Person in Military Custody (David L. Fuhriman)* will be served by hand-delivery on April 13, 2007, to the following Federal agency officials, through a representative authorized to accept service on their behalf, once the foregoing has been accepted for filing by the Clerk of the Court:

Jeffrey A. Taylor
U.S. Attorney for the District of Columbia
555 4th Street NW
5th Floor
Washington, DC  20001

Pete Geren
Acting Secretary of the Army
101 Army Pentagon
Washington, DC  20310

Alberto Gonzales
Attorney-General for the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC  20530

Jon Pinkus
Case Manager
Klimaski & Associates, P.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. FUHRIMAN,

      Petitioner,

          v.

PETE GEREN,
ACTING SECRETARY OF THE ARMY,
in his official capacity,

      Respondent.

Case No. _____

## ORDER DIRECTING RESPONDENT TO SHOW CAUSE

It is this _____ day of April, 2007,

ORDERED that the respondent, by or through counsel, shall, within three (3) days of

service of a copy of this Order and the Petition herein, file with this Court and serve on petitioner

a statement showing why the Writ of Habeas Corpus should not issue.

The Clerk of the Court is directed to furnish a copy of the Petition and a certified copy of

this Order to the United States Marshal for the purpose of making service on the respondent.

    SO ORDERED.


_____
Date

_____
United States District Judge

# Fax Confirmation
# and Cover Pages

## Service on:

## Acting Army Sec. Pete Geren

## U.S. Attorney Jeffrey A. Taylor

## U.S. Attorney-General Alberto Gonzales

# KLIMASKI & ASSOCIATES, P.C.

*Attorneys at Law*

James R. Klimaski*
Lynn I. Miller*
Edward J. Elder++
Kimberly M. Hibsch+

*Case Manager*
W. Jon Pinkus

1819 L Street NW
7th Floor
Washington, DC 20036-3830
(202) 296-5600
(202) 296-5601 Fax
firm@klimaskilaw.com
www.klimaskilaw.com

## FACSIMILE TRANSMITTAL

THIS MESSAGE IS INTENDED FOR THE USE OF THE PERSON OR ENTITY TO WHICH
IT IS ADDRESSED.  IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is prohibited.  Please notify us
immediately by telephone, and return the original to us at the above address by mail.  Thank you.

DATE: May 2, 2007

TO: Army Sec. Pete Geren c/o Col. Richard Hatch

FAX: 703.696.8126

FROM: Jim Klimaski

RE: Fuhriman v Army Sec. Geren, 07 cv 0672

Total number of pages: 14  (*including* this Transmittal Sheet)

Comments: Mandated Service of a Case Management Order by Counsel to Plaintiff - Petitioner.

*Also admitted in Maryland*
++*Also admitted in New York*
+*Admitted in Virginia*

TRANSMISSION VERIFICATION REPORT

TIME  : 05/02/2007 17:28
NAME  : KLIMASKI & ASSOCS.
FAX   : 2022965601
TEL   : 2022965600
SER.# : BROF3J511526

| | |
|---|---|
| DATE,TIME | 05/02  17:25 |
| FAX NO./NAME | 7036968126 |
| DURATION | 00:03:22 |
| PAGE(S) | 14 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# KLIMASKI & ASSOCIATES, P.C.

*Attorneys at Law*

James R. Klimaski*
Lynn I. Miller*
Edward J. Elder++
Kimberly M. Hibsch+

*Case Manager*
W. Jon Pinkus

1819 L Street NW
7th Floor
Washington, DC 20036-3830
(202) 296-5600
(202) 296-5601 Fax
firm@klimaskilaw.com
www.klimaskilaw.com

## FACSIMILE TRANSMITTAL

THIS MESSAGE IS INTENDED FOR THE USE OF THE PERSON OR ENTITY TO WHICH IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. Please notify us immediately by telephone, and return the original to us at the above address by mail. Thank you.

DATE: May 2, 2007

TO: US Attorney Jeffrey Taylor
c/o Rudy Contreras

FAX: 202.514.8780

FROM: Jim Klimaski

RE: Fuhriman v Army Sec. Geren, 07 cv 0672

Total number of pages: 14 ( *including* this Transmittal Sheet )

Comments: Mandated Service of a Case Management Order by Counsel to Plaintiff - Petitioner.

*Also admitted in Maryland*
++*Also admitted in New York*
+*Admitted in Virginia*

```
                  TRANSMISSION VERIFICATION REPORT

                                            TIME  : 05/02/2007 17:34
                                            NAME  : KLIMASKI & ASSOCS.
                                            FAX   : 2022965601
                                            TEL   : 2022965600
                                            SER.# : BROF3J511526


        DATE,TIME                  05/02  17:31
        FAX NO./NAME               5148780
        DURATION                   00:03:26
        PAGE(S)                    14
        RESULT                     OK
        MODE                       STANDARD
                                   ECM
```

# KLIMASKI & ASSOCIATES, P.C.

*Attorneys at Law*

James R. Klimaski*
Lynn I. Miller*
Edward J. Elder++
Kimberly M. Hibsch+

_____

*Case Manager*
W. Jon Pinkus

1819 L Street NW
7th Floor
Washington, DC 20036-3830
(202) 296-5600
(202) 296-5601 Fax
firm@klimaskilaw.com
www.klimaskilaw.com

## FACSIMILE TRANSMITTAL

THIS MESSAGE IS INTENDED FOR THE USE OF THE PERSON OR ENTITY TO WHICH
IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is prohibited. Please notify us
immediately by telephone, and return the original to us at the above address by mail. Thank you.

DATE: May 2, 2007

TO: Attorney - Gen. Gonzales
c/o Stu Frisch

FAX: 202.514.4317

FROM: Jim Klimaski

RE: Fuhriman v Army Sec. Geren, 07 cv 0672

Total number of pages: 14 ( *including* this Transmittal Sheet )

Comments: Mandated Service of a
Case Management Order by
Counsel to Plaintiff - Petitioner.

*Also admitted in Maryland
++Also admitted in New York
+Admitted in Virginia

```
                    TRANSMISSION VERIFICATION REPORT

                                      TIME  : 05/02/2007 17:43
                                      NAME  : KLIMASKI & ASSOCS.
                                      FAX   : 2022965601
                                      TEL   : 2022965600
                                      SER.# : BROF3J511526


    DATE,TIME                 05/02  17:39
    FAX NO./NAME              5144317
    DURATION                  00:03:22
    PAGE(S)                   14
    RESULT                    OK
    MODE                      STANDARD
                              ECM
```